

U.S. Department of Justice
S. Amanda Marshall
United States Attorney
District of Oregon
1000 SW Third Avenue, Ste. 600           (503) 727-1000
Portland, OR  97204-2902                 Fax: (503) 727-1117

February 16, 2012

Jerry Needham
Attorney at Law
Federal Public Defender's Office
Portland, OR 97204

    Re:    *United States v. Elliot Mejia* 11-CR-285-HZ
            Plea Agreement Letter

Dear Counsel:

1.     **Parties/Scope**:  This Rule 11 (c)(1)(C) plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**:  Defendant agrees to plead guilty to counts one and three of the Indictment. Count one charges the crime of Distribution of a Controlled Substance in violation of Title 21 United States Code, Section 841(a)(1) and count three charges the crime of Felon in Possession of Firearms in violation of Title 18, United States Code, Section 922(g)(1).

3.     **Penalties**:  The maximum sentence for count one is twenty years imprisonment, a fine of up to $1,000,000, three years of supervised release and a $100 fee assessment.  The maximum sentence for count three is ten years imprisonment, a fine of up to $250,000, two to three years of supervised release and a $100 fee assessment.

4.     **Dismissal/No Prosecution**:  The USAO will move at the time of sentencing to dismiss the remaining count against defendant.  The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.     **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

6.     **Relevant Conduct**:  The parties agree that the career offender provisions of the guidelines will control sentencing in this matter and that defendant will be eligible for sentencing

Revised 02/03/10

as a career offender on Count one pursuant to U.S.S.G. § 4B1.1 and tnat the guideline range will be 151- 188 months.

7.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

8.  **Sentencing Recommendation**: The parties agree that based on the factors listed in § 3553(a) the defendant should be sentenced to a term of 120 months' incarceration for each count to run concurrently pursuant to U.S.S.G. § 5G1.2(c).

9.  **Forfeiture of firearms/Property**: By signing this agreement, defendant hereby voluntarily forfeits all right, title and interest to the firearms and other contraband items associated with this case.

10. **Additional Departures, Adjustments, or Variances**: The USAO agrees not to request any upward departures or adjustments. The defendant agrees that a sentence of 120 months' incarceration should be imposed.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the agreed upon term of confinement of 120 months. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

12. **Rule 11(c)(1)(C) plea agreement**: Should the Court determine that it will be rejecting the plea agreement, it shall notify the parties and advise the defendant that the court is not required to follow the plea agreement and shall give the defendant an opportunity to withdraw the plea and further advise the defendant that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated.

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

Revised 02/03/10

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. Amanda Marshall
United States Attorney

Fred Weinhouse
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

4-6-12
Date

Elliot Mejia, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

4-6-12
Date

Jerry Needham, Attorney for Defendant

Revised 02/03/10